Stephanie M. Cerasano (State Bar No. 017171)
**JACKSON LEWIS P.C.**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Stephanie.Cerasano@jacksonlewis.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Ian Schaefer,<br><br>        Plaintiff,<br><br>    v.<br><br>P.F. Chang's China Bistro, Inc.,<br><br>        Defendant. | Case No: 2:14-CV-00185 SMM<br><br>**JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AND TO DISMISS ALL CLAIMS WITH PREJUDICE** |
| Ariel Taylor,<br><br>        Plaintiff,<br><br>    v.<br><br>P.F. Chang's China Bistro, Inc.,<br><br>        Defendant. | Case No: 2:14-CV-00259 SMM |
| Guillermo Flores,<br><br>        Plaintiff,<br><br>    v.<br><br>P.F. Chang's China Bistro, Inc.,<br><br>        Defendant. | Case No: 2:14-CV-00260 SMM |

| | |
|---|---|
| Nathan Llanos, | Case No: 2:14-CV-00261 SMM |
| Plaintiff, | |
| v. | |
| P.F. Chang's China Bistro, Inc., | |
| Defendant. | |
| Kristen Romero, | Case No: 2:14-CV-00262 SMM |
| Plaintiff, | |
| v. | |
| P.F. Chang's China Bistro, Inc., | |
| Defendant. | |
| Andrew Fields, | Case No: 2:14-CV-00263 SMM |
| Plaintiff, | |
| v. | |
| P.F. Chang's China Bistro, Inc., | |
| Defendant. | |

Plaintiffs and Defendant P.F. Chang's China Bistro, Inc. jointly ask this Court to approve the parties' settlement and dismiss all claims in all of these actions with prejudice.

Plaintiffs filed these individual actions in 2014, alleging claims for unpaid wages under the Fair Labor Standards Act ("FLSA"). *See* Complaints. Specifically, each Plaintiff's core claim is that Plaintiff was improperly paid a tip credit wage for time spent performing non-tip-related tasks that exceeded 20% of Plaintiff's workweek. The genesis for each Plaintiff's claim is language in the Department of Labor's Field Operations Handbook.

Defendant denies any wrongdoing and disputes that it owes any Plaintiff any unpaid wages under any theory. The parties also dispute the viability of Plaintiffs' "80/20" legal theory. Indeed, the parties have litigated this issue through numerous

1  dispositive motions and appeal.  Most recently, the Department of Labor revised its
2  position on this issue, itself rejecting the 80/20 legal theory.  As such, Defendant would
3  again ask this Court to dismiss Plaintiffs' claims in each of these actions if the cases
4  were to proceed.
5       In an effort to avoid the costs and uncertainty of further litigation, the parties have
6  carefully negotiated a settlement.  They have agreed to resolve the disputed factual and
7  legal issues on the terms set forth in their proposed Settlement Agreement, which is
8  submitted to this Court with this Motion.  *See* Exhibit A.
9       As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v.*
10 *United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), in the "context of suits brought
11 directly against their employer under Section 21 6(b) to recover back wages for FLSA
12 violations," the parties must present any proposed settlement to the district court, which
13 "may enter a stipulated judgment after scrutinizing the settlement for fairness."
14      This Court will find that the settlement in these cases is fair and should be
15 approved.  The settlement resolves a "bona fide dispute between the parties" with
16 respect to whether Plaintiffs' legal theory is viable, particularly in light of the
17 Department of Labor's current position on this issue.  Even putting aside the underlying
18 legal issue, the parties also dispute the facts.  *See id.* at 1353 n.8.  Among other defenses,
19 Defendant contends that each Plaintiff was properly treated as a tipped employee for all
20 time worked and Plaintiff did not work as a non-tipped employee entitling Plaintiff to
21 any additional pay.  Conversely, Plaintiffs contend that their claims are legally viable.
22 Thus, even if liability were established, the parties anticipate significant disputes as to
23 the amount of alleged damages.  Moreover, the parties disagree as to whether Defendant
24 can establish an affirmative defense to an award of liquidated damages.
25      As a further indication of the fairness of the settlement, each Plaintiff is
26 represented by counsel who, in the "adversarial context of a lawsuit," negotiated for "a
27 reasonable compromise of disputed issues."  *Id.* at 1354.  Other indicia of fairness are
28

1   also present, including the facts that the parties investigated the issues; that the
2   settlement will conserve substantial time and expense by eliminating the need for further
3   dispositive motions, costly discovery, and a trial on the merits; and that, by settling, each
4   Plaintiff has avoided further delay in receiving any possible recovery.
5       As the court recognized in *Lynn's Foods*, settlements in the context of litigation
6   where there are bona fide issues in dispute, and where employees are represented by "an
7   attorney who can protect their rights under the statute," are to be approved by district
8   courts "in order to promote the policy of encouraging settlement of litigation." 679 F.2d
9   27 at 1354.  These precise circumstances exist here.  Accordingly, the parties
10  respectfully ask the Court to approve the terms set forth in the Settlement Agreement
11  and enter the parties' proposed order in each of these cases, thereby dismissing
12  Plaintiffs' claims with prejudice.
13      RESPECTFULLY SUBMITTED this 6th day of September 2019.

**JACKSON LEWIS P.C.**

By: */s/ Stephanie M. Cerasano*
    Stephanie M. Cerasano
    Attorneys for Defendant

**THE BENDAU LAW FIRM, PLLC**

By: */s/Clifford P. Bendau, II (with permission)*
    Clifford P. Bendau, II
    Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clifford P. Bendau, II
THE BENDAU LAW FIRM, PLLC
6350 E. Thomas Road, Suite 330
Scottsdale, AZ 85251
Attorneys for Plaintiff

By: */s/ Amalia Tafoya*

4820-3242-8964, v. 1