1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                        **FOR THE DISTRICT OF ARIZONA**
8

| | |
|---|---|
| Ian Schaefer, | No. CV-14-00185-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| P.F. Chang's China Bistro Incorporated, | |
| Defendant. | |
| Ariel Taylor, | No. CV-14-00259-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| P.F. Chang's China Bistro Incorporated, | |
| Defendant. | |
| Guillermo Flores, | No. CV-14-00260-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| P.F. Chang's China Bistro Incorporated, | |
| Defendant. | |

| | |
|---|---|
| Nathan Llanos,<br><br>            Plaintiff,<br><br>v.<br><br>P.F. Chang's China Bistro Incorporated,<br><br>            Defendant. | No. CV-14-00261-PHX-SMM<br><br>**ORDER** |
| Kristen Romero,<br><br>            Plaintiff,<br><br>v.<br><br>P.F. Chang's China Bistro Incorporated,<br><br>            Defendant. | No. CV-14-00262-PHX-SMM<br><br>**ORDER** |
| Andrew Fields,<br><br>            Plaintiff,<br><br>v.<br><br>P.F. Chang's China Bistro Incorporated,<br><br>            Defendant. | No. CV-14-00263-PHX-SMM<br><br>**ORDER** |

Before the Court is the parties' Joint Motion for Court Approval of Settlement and to Dismiss all Claims with Prejudice. (Doc. 63 in CV-14-00185-PHX-SMM; Doc. 46 in CV-14-00259-PHX-SMM; Doc. 46 in CV-14-00260-PHX-SMM; Doc. 55 in CV-14-00261-PHX-SMM; Doc. 53 in CV-14-00262-PHX-SMM; Doc. 57 in CV-14-00263-PHX-SMM.) Because this matter involves Fair Labor Standards Act ("FLSA") claims asserted against Defendant, the parties were ordered to submit the settlement agreement to the Court for approval and to ensure its enforceability. After review and consideration, the Court will grant the parties' joint motion and approve the proposed settlement agreement.[1]

---

[1] Unless otherwise indicated, the Court, rather than cite to each party's separate filings on an issue or argument, will refer to the parties and cite to the documents in the

## I. BACKGROUND

In each of the above-captioned cases, Plaintiffs filed complaints against their former employer, Defendant P.F. Chang's China Bistro Incorporated, for alleged minimum-wage violations under the FLSA. (Doc. 1.) Plaintiffs contend that Defendant failed to pay them the federal minimum wage for their work as servers because, as tipped employees, they were required to perform non-tipped related duties in excess of 20% of their workweek. (Id. at 4.)

In an August 1, 2014 Order, the Court granted Defendant's motion to dismiss for failure to state a claim and granted Plaintiffs leave to file an Amended Complaint. (Doc. 31 at 13-14.) Plaintiffs filed an Amended Complaint on August 13, 2015.[2] (Doc. 45.) However, the Court stayed the resolution of Plaintiffs' Amended Complaints pending the Ninth Circuit Court of Appeal's disposition of related case Sheehan v. Romulus, Inc., d/b/a IHOP, No. CV 14-464-PHX-SMM. (Doc. 50 at 4.) On appeal, the Ninth Circuit reversed and remanded this Court's decision in Sheehan, relying on the Department of Labor's ("DOL") interpretation of a dual-jobs regulation. (See Doc. 39 in Sheehan, No. CV 14-464-PHX-SMM.) The DOL, however, later withdrew its interpretation of the regulation. See U.S. Dep't, Wage & Hour Div., Opinion Letter (Nov. 8, 2018).

The Court then set these matters for a Rule 16 Preliminary Pretrial Conference. (Doc. 52.) In lieu of the Rule 16 Preliminary Pretrial Conference, the parties agreed to attend a Settlement Conference before Magistrate Judge Michelle H. Burns. (Doc. 57.) On July 2, 2019, the parties notified the Court that they reached an agreement to settle these matters. (Doc. 60.) The parties now seek approval of their settlement agreement. (Doc. 63.)

## II. DISCUSSION

Under the reasoning set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d

---

lowest numbered case, which is Schaefer v. P.F. Chang's China Bistro Incorporated, No. CV 14-00185-PHX-SMM.

[2] In CV 14-261, 14-262, and 14-263, the Court denied Plaintiffs' motions to amend their complaints and entered judgment in favor of Defendant. (Docs. 27, 35 in CV-14-00261-PHX-SMM; Docs. 25, 33 in CV-14-00262-PHX-SMM; Docs. 29, 37 in CV-14-00263-PHX-SMM.) Plaintiffs subsequently appealed. (Doc. 37 in CV-14-00261-PHX-SMM; Doc. 35 in CV-14-00262-PHX-SMM; Doc. 39 in CV-14-00263-PHX-SMM.)

1350, 1352-53 (11th Cir. 1982), there are only two ways in which back-wage claims under the FLSA can be settled or compromised by employees.[3] One, pursuant to 29 U.S.C. § 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owing to them. Id. at 1353. The second way is provided in the context of litigation brought directly by employees against their employer pursuant to § 216(b) to recover back wages. Id. When an employee brings a private action for back wages and presents to the district court a proposed settlement, the district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." Id.

Outside of the FLSA context, the Court normally does not rule on a private settlement agreement negotiated between the parties. However, because this is a FLSA action against Defendant, the parties must seek approval of their settlement agreement to ensure its enforceability. The Court may approve the settlement if it is a fair and reasonable compromise of the issues. See Lynn's Food Stores, 679 F.2d at 1354.

The Court has reviewed the proposed settlement agreement. (Doc. 63-1.) According to the proposed settlement agreement, Defendant will pay each Plaintiff $750.00 in back pay and $750.00 in liquidated damages. (Id. at 2-4.) Defendant will also pay Plaintiffs' counsel $20,050.00 in attorney's fees and court costs. (Id. at 4.)

The Court finds that the proposed settlement agreement is a fair and reasonable resolution of the issues. First, the Court finds the agreement reasonable because, absent the proposed settlement agreement, the amount of damages owed to Plaintiffs will be significantly disputed throughout litigation. Moreover, due to the recent changes in the DOL's interpretative guidance, the Court further finds the proposed settlement agreement reasonable because the uncertainty of the state of the law could expose the parties to additional adverse rulings. Last, the proposed settlement agreement provides reasonable payments to Plaintiffs' counsel for attorney's fees and court costs. At first blush, the proposed settlement agreement appears unreasonable given that Plaintiffs' counsel's

---

[3] While the Ninth Circuit has not specifically addressed the issue, district courts in the Ninth Circuit have followed the reasoning set forth in Lynn's Food Stores. See, e.g., Hand v. Dionex Corp., No. CV 06-1318-PHX-JAT, 2007 WL 3383601, at *1 (D. Ariz. Nov. 13, 2007).

recovery is almost twenty times more than each Plaintiff's recovery. However, keeping in mind that the above-captioned matters are six individual cases, the Court finds Plaintiffs' counsel's attorney's fees reasonable when the fees are divided amongst the six individual cases.[4] Therefore, the Court will approve the proposed settlement agreement entered into between the parties.

### III.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** in CV 14-185, **granting** the parties' Joint Motion for Court Approval of Settlement and to Dismiss all Claims with Prejudice (Doc. 63), and **approving** the parties' proposed settlement agreement (Doc. 63-1).

**IT IS FURTHER ORDERED** in CV 14-185, **directing** the Clerk of Court to terminate this matter in its entirety.

**IT IS FURTHER ORDERED** in CV 14-259, **granting** the parties' Joint Motion for Court Approval of Settlement and to Dismiss all Claims with Prejudice (Doc. 46), and **approving** the parties' proposed settlement agreement (Doc. 46-1).

**IT IS FURTHER ORDERED** in CV 14-259, **directing** the Clerk of Court to terminate this matter in its entirety.

**IT IS FURTHER ORDERED** in CV 14-260, **granting** the parties' Joint Motion for Court Approval of Settlement and to Dismiss all Claims with Prejudice (Doc. 46), and **approving** the parties' proposed settlement agreement (Doc. 46-1).

**IT IS FURTHER ORDERED** in CV 14-260, **directing** the Clerk of Court to terminate this matter in its entirety.

**IT IS FURTHER ORDERED** in CV 14-261, **granting** the parties' Joint Motion for Court Approval of Settlement and to Dismiss all Claims with Prejudice (Doc. 55), and **approving** the parties' proposed settlement agreement (Doc. 55-1).

**IT IS FURTHER ORDERED** in CV 14-261, **directing** the Clerk of Court to terminate this matter in its entirety.

---

[4] $20,050.00 / 6 = $3,341.67 in attorney's fees per case.

**IT IS FURTHER ORDERED** in CV 14-262, **granting** the parties' Joint Motion for Court Approval of Settlement and to Dismiss all Claims with Prejudice (Doc. 53), and **approving** the parties' proposed settlement agreement (Doc. 53-1).

**IT IS FURTHER ORDERED** in CV 14-262, **directing** the Clerk of Court to terminate this matter in its entirety.

**IT IS FURTHER ORDERED** in CV 14-263, **granting** the parties' Joint Motion for Court Approval of Settlement and to Dismiss all Claims with Prejudice (Doc. 57), and **approving** the parties' proposed settlement agreement (Doc. 57-1).

**IT IS FURTHER ORDERED** in CV 14-263, **directing** the Clerk of Court to terminate this matter in its entirety.

Dated this 9th day of September, 2019.

Honorable Stephen M. McNamee
Senior United States District Judge